**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-61219-SINGHAL/STRAUSS**

**ITG CIGARS INC.,**

     Plaintiff,

v.

**BLAZEN PUFF & STUFF**
**OUTLET L.L.C**, *et al.*,

     Defendants.

_____/

## ORDER GRANTING MOTION TO STRIKE WITNESS

THIS MATTER comes before the Court upon Defendants' Motion to Strike Witness [DE 48] (the "Motion"). District Judge Raag Singhal has referred the Motion to me for appropriate disposition. *See* [DE 22] at 5. I have reviewed the Motion, Plaintiff's Response [DE 52], and Defendants' Reply [DE 55], along with the pertinent portions of the record. For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

This case arises out of Defendants' alleged infringement of Plaintiff's trademarks and related acts. *See generally* [DE 1]. In the Motion, Defendants seek to exclude one of Plaintiff's witnesses for late disclosure under Rules 26 and 37 of the Federal Rules of Civil Procedure. *See generally* [DE 48]; [DE 55]. The witness at issue, Eric Berger, is a private investigator that investigated a store purportedly connected to Defendants. [DE 48] ¶ 1; [DE 52] at 1-2. Berger's investigation occurred prior to the filing of the Complaint. [DE 48] ¶ 1; [DE 52] at 1-2. Plaintiff's allegations in the Complaint include two paragraphs that detail his investigation. [DE 1] ¶¶ 43-44. Plaintiff also attached photos from Berger's investigation as exhibits to the Complaint. *See* [DE 52]

at 1. *See generally* [DE 1-11]; [DE 1-18]; [DE 1-19]. Yet Plaintiff did not identify Berger by name or include other identifying information in the Complaint. [DE 48] ¶ 1; *see* [DE 52] at 2; [DE 1] ¶¶ 43-44.

Despite the allegations in the Complaint detailing the private investigation, Plaintiff's initial disclosures (dated January 24, 2025) did not list Berger as a person having discoverable information or otherwise mention or name him. *See* [DE 48-1] at 1-3. Plaintiff also failed to identify Berger in response to an interrogatory asking for people having discoverable information. *See* [DE 48-2] at 1-4; [DE 52-1] at 2-5. In fact, Plaintiff admits that it had not disclosed Berger's name to Defendants until the last day of the extended discovery deadline, which was June 2, 2026. [DE 52] at 2, 6; [DE 52-1] at 2-4; [DE 41] at 2. On the last day of discovery, Plaintiff served supplemental responses to Defendants' interrogatories, which listed Berger as the private investigator who has knowledge or information related to the investigation referenced in the Complaint. [DE 48-2] at 1-2; [DE 52-1] at 2-3. The same day, Plaintiff also provided a report from Berger that summarized his investigation. *See* [DE 48] ¶¶ 8-9. *See generally* [DE 48-3]. Believing this disclosure was inadequate under Rule 26, Defendants filed the Motion.[1] *See* [DE 48] at 1.

## ANALYSIS

In the Motion, Defendants argue that the Court should strike Berger as a witness because Plaintiff failed to timely disclose him as a witness and the disclosure was neither substantially justified nor harmless. *Id.* at 3-6. Although Plaintiff concedes that it "inadvertently omitted" Berger's name "from the Complaint and subsequent disclosures," it argues that striking him as a witness would be an overly harsh sanction under the circumstances of the case. *See* [DE 52] at 1-9. Among other things, Plaintiff stresses that Defendant has not been prejudiced, that the late

---

[1] The parties have also filed motions for summary judgment. *See generally* [DE 44]; [DE 49].

disclosure was inadvertent, and that Berger's testimony is relevant to a key issue in the case. *See id.* Moreover, Plaintiff offers alternative remedies to cure the issue, such as limiting Berger's testimony to his declaration[2] filed in support of Plaintiff's motion for summary judgment and allowing Defendants to depose Berger. *Id.* at 2-3. Defendants, however, assert that "[e]xclusion is the only proper remedy." [DE 55] at 5. For the reasons stated below, I agree that the exclusion of Berger as a witness is proper.

Federal Rule of Civil Procedure 26(a)(1) requires the following for initial disclosures:

> [A] party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A)(i). Relatedly, parties must supplement or correct their disclosures made under Rule 26(a) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e).

When a litigant fails to make a required disclosure, Federal Rule of Civil Procedure 37 provides the trial court with broad discretion on how to address the failure. *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019). Under Rule 37(c)(1), a party who fails to disclose information or witnesses required by Rule 26 may be permitted by the Court to still use that information or witness if "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or

---

[2] *See generally* [DE 46].

harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)).

Plaintiff's disclosure of Berger's identity on the last day of discovery was neither timely, substantially justified, nor harmless. Therefore, the Court will grant the Motion and exclude Berger's testimony. First, Plaintiff does not appear to dispute that its disclosure was untimely. *See* [DE 52] at 4-9 (arguing instead that Defendants have not been prejudiced, that the late disclosure was inadvertent, that the testimony is relevant to a key issue, that the late disclosure may be remedied by other means, and that the late disclosure was substantially justified or harmless). Even if Plaintiff contested timeliness under Rule 26, Plaintiff's disclosure of Berger's name (and other information) on the very last day of an extended discovery deadline is not timely. Plaintiff, by referencing the investigation in the Complaint, knew long before the close of discovery that Berger likely had discoverable information that it may use to support its claims or defenses. Indeed, the Complaint, which was filed nearly two years prior, relies on Berger's visual observations of how competing products were displayed, among other things. *See* [DE 1] ¶ 44. So the mere fact that Plaintiff's supplementation occurred within the discovery period does not make it timely. *See, e.g.*, *Contract Packaging, Inc. v. Cent. Garden & Pet Co.*, No. 08-CV-03492, 2011 WL 13162306, at *9 (N.D. Ga. Mar. 31, 2011) ("Rule 26(e)'s requirement that a party supplement its initial disclosures in a timely manner does not mean that a supplement made at *any time* during the discovery period is timely."); *Oasis Cap., LLC v. Nason, Yeager, Gerson, Harris & Fumero, P.A.*, No. 22-81913-CIV, 2025 WL 1881922, at *2 (S.D. Fla. Mar. 30, 2025) ("Discoverable information or witnesses disclosed on the eve of discovery are generally deemed untimely, especially when the late-disclosing party was fully aware of the relevant information sufficiently in advance of the discovery deadline."). And a supplementation coming only hours before the close of discovery is

not substantively different from a supplementation coming after discovery officially closes because both effectively prevent the opposing party from conducting future discovery.

Second, Plaintiff's failure was not substantially justified. "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Knight through Kerr v. Miami-Dade County*, 856 F.3d 795, 811-12 (11th Cir. 2017) (quoting *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997)). Yet "Rule 26 is clear—parties must affirmatively disclose witnesses that they may use to support their claims and there exists an ongoing duty to supplement those affirmative disclosures." *Phillips v. Delta Air Lines*, No. 21-80413-CV, 2021 WL 6750538, at *2 (S.D. Fla. Nov. 18, 2021) (citations omitted). Plaintiff does not attempt to argue that there is room for reasonable disagreement here, as Plaintiff describes the omission of Berger's identity throughout essentially all of discovery as "inadvertent." [DE 52] at 2, 6.

Third, the late disclosure was not harmless. Harmless means that "there is no prejudice to the party entitled to receive the disclosure." *Lucibella v. Ermeri*, No. 20-CV-82156, 2024 WL 3817383, at *2 (S.D. Fla. Aug. 14, 2024) (quoting *Northrup v. Werner Enter., Inc.*, No. 14-CV-1627-T-27, 2015 WL 4756947, at *1 (M.D. Fla. Aug. 11, 2015)). Plaintiff's late disclosure has prejudiced Defendants because discovery is now closed and dispositive motions have been filed, leaving Defendants with limited options to mitigate the late disclosure. *Cf. Jones v. Aaron's Inc.*, 748 F. App'x 907, 914 (11th Cir. 2018) ("Jones did not list Piper and Carter as witnesses until . . . the last day of discovery. Thus, Aaron's had no opportunity to depose Piper and Carter about the contents of their declarations or conduct any other discovery as to them. Under these circumstances, Jones's failure to identify Piper and Carter in her initial disclosures cannot be said to be harmless."); *Superior Consulting Servs., Inc. v. Shaklee Corp.*, No. 616CV2001ORL31GJK,

5

2018 WL 1474184, at *6 (M.D. Fla. Mar. 7, 2018), *report and recommendation adopted*, 2018 WL 1470371 (M.D. Fla. Mar. 26, 2018) ("Discovery is closed and dispositive motions have been filed. Thus, the Court finds that Defendants have been prejudiced because they have had no opportunity to mitigate the impact from Plaintiff's non-disclosures.").

Plaintiff seemingly attempts to shift some of the blame to Defendants by noting that, even though it mentioned the private investigation in the Complaint,[3] "Defendants did not propound any discovery specifically seeking the name of [Plaintiff]'s investigator or materials or documents uncovered by the investigation[.]" [DE 52] at 2, 6. But "[t]here is no requirement that parties proactively anticipate the witnesses that the opposing party might call . . . ." *Phillips*, 2021 WL 6750538, at *2; *Perry v. Jenkins & Stiles, LLC*, No. 21-CV-414, 2023 WL 12168653, at *3 (E.D. Tenn. Sept. 15, 2023) (citing *Phillips*, 2021 WL 6750538, at *2); *see also Superior*, 2018 WL 1474184, at *5 n.13 ("The Court rejects Plaintiff's argument that Defendants have created their own plight by failing to take discovery of these witnesses as a thinly veiled attempt to shift their disclosure obligations to Defendants."). Furthermore, while Defendants may not have targeted any interrogatories at the private investigation specifically, Defendants did serve an interrogatory that asked Plaintiff to identify—separate and apart from its initial disclosures—any person with knowledge or information pertaining to any fact in the pleadings. *See* [DE 48-2] at 1.

Moreover, just because facts related to the investigation were alleged in the Complaint does not necessarily mean Defendants have not been surprised by a late disclosure. *See Nat'l Union Fire Ins. Co. of Puttsburgh v. Tyco Integrated Sec., LLC*, No. 13-CIV-80371, 2015 WL 11251736,

---

[3] Plaintiff also notes that it mentioned the investigation in a response to an order to show cause and during mediation. [DE 52] at 6. However, these disparate references do not overcome Plaintiff's obligations under Rule 26. Plaintiff failed to identify a witness it knew about since before the Complaint was filed.

at *1 (S.D. Fla. July 29, 2015) ("A party's mere knowledge of the existence of a witness is insufficient to alert the party that the opposing party might call the witness in support of their claims or defenses." (quoting *Coene v. 3M Co.*, 303 F.R.D. 32, 47 (W.D.N.Y. 2014))). Rule 26(a)(1) is designed to do more than just make the other parties aware of a witness's existence; it informs the other parties that the disclosing party may actually *rely* on that witness's testimony. *See Oasis*, 2025 WL 1881922, at *2 ("Plaintiff's strategy clearly violates the fundamental purpose of Rule 26(a)(1), which is 'not only to notify an opponent of a witness's existence, but also to notify the opponent that the disclosing [party] may use the testimony to support its claims or defenses if the need arises.'" (quoting *Jean-Baptiste v. City of Miami*, No. 23-CV-22670, 2025 WL 360817, at *4 (S.D. Fla. Jan. 3, 2025))); *McCollum v. UPS Ground Freight Inc.*, No. CV11-0961, 2013 WL 105225, at *3 (D. Ariz. Jan. 9, 2013) ("Although Plaintiffs may have been able to anticipate that Defendants might call such a witness at trial, Plaintiffs were not told, as Rule 26(a)(1)(A)(i) required, that UPS may use such a witness to support its defense.").

Still, Plaintiff argues that Berger's testimony is relevant to likelihood of consumer confusion, a key issue in the case, and that the late disclosure can be remedied without exclusion. [DE 52] at 7-8. Although the Court agrees that the testimony is relevant to a key issue, Plaintiff's proposed remedies do not adequately cure the prejudice. Plaintiff offers to limit Berger's testimony to the facts included in the declaration submitted in support of its motion for summary judgment. *Id.* at 8. According to Plaintiff, the declaration contains a subset of the facts that were alleged in the Complaint. *Id.* Plaintiff also offers to produce Berger for a deposition within the next two weeks. *See id.* But these proposed remedies fail because discovery is closed (after multiple extensions), the parties have already filed dispositive motions, and the parties have not agreed to conduct discovery beyond the deadline. Even if the parties agreed to conduct additional discovery

7

beyond the deadline, court intervention would be unavailable if something went awry. *See* S.D. Fla. L.R. 26.1(d) ("Party and non-party depositions must be scheduled to occur . . . on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to . . . appear at the deposition . . . ."). And the Court agrees with Defendants that even limiting Berger's testimony to his declaration alone does not sufficiently mitigate the harm where Defendants' other channels of discovery are closed off.

**CONCLUSION**

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.      The Motion [DE 48] is **GRANTED**.  Pursuant to Federal Rules of Civil Procedure 26(a) and 37(c)(1), Plaintiff is prohibited from using Eric Berger as a witness to supply evidence on a motion (including in support of, or in response to, a motion for summary judgment), at a hearing, or at a trial. *See* Fed. R. Civ. P. 37(c)(1). However, for purposes of the trial, this ruling does not apply to the exhibits attached to the Complaint that Plaintiff can authenticate using another source.

2.      Because Defendants' Motion to Strike Plaintiff's Declaration of Eric Berger in Support of Summary Judgment [DE 58] is based on the same grounds, it is **DENIED AS MOOT**. *See* Fed. R. Civ. P. 37(c)(1).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of July 2026.

Jared M. Strauss
**United States Magistrate Judge**